UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| YUJIE ZHAO,<br><br>              Plaintiff,<br><br>    v.<br><br>MICHAEL CHERTOFF, *et al.*,<br><br>             Defendants. | CASE NO.  C07-1725RSL<br><br>ORDER REMANDING MATTER TO UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES |

This matter comes before the Court on the government's motion to dismiss plaintiff's complaint for lack of subject matter jurisdiction and/or to remand plaintiff's application for naturalization to the United State Citizenship and Immigration Services ("USCIS") for adjudication.  Dkt. # 6.  Plaintiff opposes the motion, arguing that the Court has jurisdiction, that the Court, not USCIS, should adjudicate the application, and that any order of remand should include a date by which the oath ceremony must occur.

On October 25, 2007, plaintiff filed with this Court an "Original Complaint for Writ in the Nature of Mandamus and Petition for Hearing on Naturalization Application under 8 U.S.C. § 1447(b)."  Plaintiff seeks to compel action on, or obtain *de novo* review of, her pending application for naturalization (Form N-400).  Plaintiff's interview regarding her

ORDER REMANDING MATTER TO USCIS

naturalization application was conducted on November 29, 2005.  The Federal Bureau of Investigation has now completed its security check regarding plaintiff, and USCIS is ready to adjudicate plaintiff's citizenship application following remand.

For the reasons stated in <u>Stepchuk v. Gonzales</u>, C06-570RSL (Dkt. # 44 at 2-4, Nov. 17, 2007), the Court finds that it has jurisdiction over this matter.  Because this jurisdiction is exclusive (<u>see</u> <u>United States v. Hovsepian</u>, 359 F.3d 1144, 1159 (9th Cir. 2004)), USCIS cannot adjudicate plaintiff's application while this matter is pending before the Court.

Plaintiff requests that the Court adjudicate her naturalization application rather than remand the matter back to USCIS for consideration.  Plaintiff offers no arguments in support of this request, however, and has provided no evidence that a remand would be futile or would cause undue hardship.  Whether plaintiff's application should be approved or rejected is best left to USCIS, the administrative agency responsible for applying the immigration laws of the United States.  The governing statute expressly provides that courts may remand to the agency to "determine the matter."  8 U.S.C. § 1447(b).  Given USCIS' agreement to adjudicate plaintiff's application in a timely manner, the Court finds that a remand is appropriate.

For all of the foregoing reasons, defendants' motion to dismiss is DENIED, and their motion to remand is GRANTED.  This matter is hereby REMANDED to USCIS for adjudication of plaintiff's naturalization application within thirty days of the date of this Order.[1]  This action is DISMISSED without prejudice.

---

[1] Plaintiff's concern that USCIS may delay the scheduling of an oath ceremony, should one be necessary, is unsupported.  The Court has not, therefore, included a specific deadline by which the oath ceremony must occur.

ORDER REMANDING MATTER TO USCIS   -2-

Dated this 22nd day of January, 2008.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER REMANDING MATTER TO USCIS    -3-